IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERT LEE HOWELL JENNINGS<br><br>**Plaintiff**<br><br>v.<br><br>INMOBILIARIA Y DESARROLLADORA PUERTO RICO VS, INC. d/b/a PARK ROYAL HOMESTAY CLUB CALA; MAPFRE PRAICO INSURANCE CO.; CORPORATIONS ABC; INSURANCE COMPANIES XYZ<br><br>**Defendants** | Civil No. 23cv1015<br><br>Personal Injury; Diversity; Jury Trial Demanded |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff, Robert Lee Howell Jennings, by and through the undersigned counsel, who respectfully state, allege and pray as follow:

### I. INTRODUCTION

**1.** This is an action arising out of serious and permanent injuries sustained by the Plaintiff, Robert Lee Howell Jennings, on or about January 19, 2023, as a direct and proximate result of the defendant Inmobiliaria y Desarrolladora VS, Inc.'s failure to provide Plaintiff with a handicapped accessible room at the Club

Cala Hotel in Palmas del Mar, Humacao, Puerto Rico, which is owned and/or maintained and/or operated by said defendant.

## II. JURISDICTION AND VENUE

**2.** This Court has subject matter jurisdiction of this action pursuant to *28 U.S.C § 1332* as the amount in controversy, excluding interests and costs, exceeds $75,000 and plaintiffs and the defendants are citizens of different states.

**3.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## II. THE PARTIES

**4.** Plaintiff, Robert Lee Howell Jennings (hereafter "Plaintiff"), is a citizen and resident of Burleson, Texas.

**5.** At all relevant times herein, Defendant, Inmobiliaria y Desarrolladora VS, Inc.'s d/b/a Park Royal Homestay Club Cala (hereafter "Defendant" or "Club Cala"), was and still is a corporation created and organized under the laws of the Commonwealth of Puerto Rico which owns and/or operates and/or maintains the Park Royal Homestay Club Cala Hotel located at 50 Palmas Innway, Palmas del Mar, Humacao, Puerto Rico. Rico, 00703. His telephone number is 787-478-6412.

**6.** Mapfre Praico Insurance Co. was and still is an insurance company doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, policy of

insurance issued to the Defendant Inmobiliaria y Desarrolladora VS, Inc., covering all risk for injuries and accidents as a result of their negligence as described herein.

7. Insurance Companies A, B and C were and still are insurance companies doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to the Defendants herein, covering all risk for injuries and accidents that Plaintiffs suffered as a result of their negligence as described herein. Plaintiff will request leave of the Court to amend her Complaint to insert the true names of the fictitiously named Defendants when said names are known to the Plaintiff, and to allege specifically their claims against said Defendants.

8. Fictitiously named Defendants, John and Jane Doe, ABC Corporations, and Insurance Companies XYZ upon information and belief, are liable for the acts complained of herein, but whose acts and true identities are unknown to the Plaintiff. Plaintiff will request leave of the Court to amend her Complaint to insert the true names of the fictitiously named Defendants when said names are known to the Plaintiff, and to allege specifically their claims against said Defendants.

## III. FACTUAL ALLEGATIONS

**9.** On May 6, 2021, Plaintiff made a reservation through the travel agency RCI LLC to stay at the Club Cala Hotel from the 15th to the 22nd of January 2022.

**10.** Prior to arrival, Plaintiff contacted the hotel to request a handicapped accessible and equipped room as he suffers from several health conditions which cause him to fall often and require him to use a rollator walker and motorized wheelchair for mobility.

**11.** Upon his arrival at the hotel on January 15, 2022, Plaintiff and during the check in process at the hotel, Plaintiff reiterated his need for a handicapped accessible and equipped room.

**12.** Despite Plaintiffs requests for a handicapped accessible and equipped room, the Defendant assigned him a room which was neither handicapped accessible nor equipped for persons with disabilities such as Plaintiff.

**13.** Plaintiff complained to the Defendant, who apologized for the inconvenience and assigned him another room to accommodate his needs.

**14.** To Plaintiff's surprise, the room was located in a second floor with no elevator which required him to go up several flights of stairs in order to reach his room, which was also not equipped to meet the needs of guests with disabilities such as Plaintiff.

**15.** On January 19, 2022, Plaintiff walked up the steps to the room and his left leg gave way, causing him to roll down the steps

and hit his head hard against the stairs. Plaintiff suffered a laceration to the forehead and lost consciousness for an unkown period of time. He immediately suffered headaches, neck pain, knee pain and lower back pain.

16. Plaintiff was transported by paramedics to the Ryder Hospital in Humacao where he was administered several medications, had several X-rays taken, and underwent suture repair surgery consisting of seven non-cosmetic stitches to close the 1.2 inch long wound on his forehead.

17. As a result of the accident caused by the negligent act and omissions of Defendant, Plaintiff has suffered:

    **a.** Constant and repeated migranes;

    **b.** Traumatic brain injuries;

    **c.** Laceration and scarring in his forehead;

    **d.** Diplopia and blurred vision;

    **e.** Post-concussive syndrome;

    **f.** Among other injuries.

18. These occurrences and injuries occurred solely as a direct and proximate result of Defendant's negligence, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendant, without any negligence on the part of the Plaintiffs contributing thereto.

## Count I: Negligence

**19.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

**20.** The Defendant has a non-delegable duty to maintain the hotel premises is a safe condition.

**21.** The Defendant has a non-delegable statutory duty under the Americans With Disabilities Act ("ADA") to provide hotel guests with disabilities with handicapped accessible and equipped rooms.

**22.** The Defendant has allowed architectural barriers in the place of public accommodation in violation of the ADA and the Accessible Design Guidelines established by the U.S. Department of Justice.

**23.** The Defendant breached the requirements of Title III of the ADA and the corresponding implementation regulations of the ADA; and that the Club Cala hotel is not fully accessible and able to be used independently by persons with limited mobility, such as the Plaintiff.

**24.** Upon information and belief, the dangerous condition and breach of statutory duties to disabled guests were known by Defendant.

**25.** For example, a similar suit was filed by another person with disabilities similar to Plaintiff's in the case *Concepción-Ortiz v. Park Royal Puert Rico at Club Cale, et al* Civil No. HU2022CV00631 now pending before the Puerto Rico Court of First

Instance, Humacao Part. See also *Rodriguez-Burgos v. Inmobiliaria y Desarrolladora Puerto Rico VS, Inc.* Civil No. 19-cv-02077(PRD).

**26.** These dangerous conditions on the premises posed a serious hazard to the handicapped guests such as Plaintiff.

**27.** The Defendant has a duty to protect patrons against the risk of dangerous conditions existing on the premises.

**28.** At all relevant times herein, Defendant knew of, or by exercise of reasonable care should have discovered the dangerous conditions that caused Plaintiff's injuries.

**29.** Plaintiff had no pre-existing conditions which could have been aggravated by the accident described herein.

**30.** As a direct and proximate result of said negligence of Defendant, the Plaintiff was injured in his health, strength, and activity, all of which said injuries have caused and continue to cause the Plaintiff great mental, physical, and nervous pain and suffering.

**31.** As a direct result of the accident, Plaintiff, now has significant permanent impairments. The value of his physical injuries, pain and suffering is estimated at not less than FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($600,000.00).

### Count II: Punitive Damages

**32.** Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

**33.** Pursuant to Article 1538 of the Civil Code, when the negligent act or omission that proximately causes injuries to a third party is a crime, a reckless act or is done with wanton disregard of the life and safety of others, the injured party shall be entitled to punitive damages in an amount not to exceed two (2) times the amount of damages suffered. *See* PR Laws Ann 31 § 10803.

**34.** The Defendant's reckless acts and omissions, as well as the wanton disregard to the safety of others, where the proximate cause of Plaintiff's damages. Therefore, the Plaintiff is entitled to punitive damages equal to two (2) times the amount of damages suffered by Plaintiff.

### Count III: Direct Action

**35.** Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. P.R. Laws Ann. 26 § 2001.

**36.** Mapfre Praico Ins. Co. is liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Defendants.

### Jury Trial Demanded

Plaintiff demands a trial by jury on all counts so triable.

**WHEREFORE,** Plaintiff demands that judgment in the amount of $600,000.00 be entered against defendants for all damages claimed

herein, in the amount of $1,200,000.00 for punitive damages, plus interest, costs, attorneys' fees and any other remedy to which he may be entitled under law or equity.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 18th day of January 2023.

s/ Alberto J. Castañer-Padró
Alberto J. Castañer-Padró
USDC 225706
**Castañer & Cía PSC**
MAI Center
Marginal Kennedy
771 Calle 1, Ste 204
San Juan PR 00920
Fax 1 888 227 5728
Tel 787 707 0802
alberto@castanerlaw.com
